1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9
10
11
12
13
14
15

| | |
|---|---|
| GLENBURN GARDENS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>                              Plaintiff,<br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,  an Ohio Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>                              Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

16
17

The Glenburn Gardens Association  (the "Association") alleges as follows:

## I.    **INTRODUCTION**

18
19
20

1.1    This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, Insurance Fair Conduct Act ("IFCA") violations, and money damages seeking:

21
22
23
24
25

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Nationwide Mutual Insurance Company's ("Nationwide") policies issued to the Association. The Association is seeking a ruling that each of Nationwide's policies provide coverage for hidden damage at the Glenburn Gardens condominium complex and that

26
27

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, INSURANCE FAIR CONDUCT
ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

1   Nationwide is liable for money damages for the cost of repairing hidden damage at the Glenburn

2   Gardens condominium complex.

3        (B)     Attorneys' fees (including expert witness fees) and costs.

4        (C)     Money damages for the cost of repairing covered damage, bad faith, breach of

5   contract, and violations of the CPA and the IFCA.

6        (D)     Any other relief the Court deems just and equitable.

7          **II.**     **PARTIES AND INSURANCE CONTRACTS**

8   2.1    <u>The Association</u>. The Glenburn Gardens Association is an association with its principal

9   place of business located in Kirkland, Washington. The Glenburn Gardens Condominium consists

10  of  two buildings with eight (8) residential units located in Kirkland, Washington.

11  2.2    <u>Nationwide</u>. Nationwide Mutual Insurance Company is domiciled in Ohio with its principal

12  place of business in Columbus, Ohio.  Nationwide issued insurance policies to the Association

13  including but not limited to Policy No. ACP CCP 7503708978 (in effect from at least October 22,

14  2008 to October 22, 2009); ACP CCP 7513708978 (in effect from at least October 22, 2009 to

15  October 22, 2010); ACP CCP 7523708978 (in effect from at least October 22, 2010 to October 22,

16  2011); ACP CCP 7533708978 (in effect from at least October 22, 2011 to October 22, 2012); ACP

17  CCP 7543708978 (in effect from at least October 22, 2012 to October 22, 2013); ACP CCP

18  7553708978 (in effect from at least October 22, 2013 to October 22, 2014); ACP CCP

19  7563708978 (in effect from at least October 22, 2014 to October  22, 2015); ACP CCP

20  7573708978 (in effect from at least October 22, 2015 to October 22, 2016); ACP CCP

21  7583708978 (in effect from at least October 22, 2016 to October 22, 2017); and ACP CCP

22  7593708978 (in effect from at least October 22, 2017 to October 22, 2018). The Association is

23  seeking coverage against all Nationwide policies issued to the Association.

24

25

26

27  COMPLAINT FOR DECLARATORY RELIEF,
    BREACH OF CONTRACT, BAD FAITH,
    CONSUMER PROTECTION ACT
    VIOLATIONS, INSURANCE FAIR CONDUCT
    ACT VIOLATIONS, AND DAMAGES - 2

2.3   <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Glenburn Gardens Condominium complex as covered property.

2.4   <u>Glenburn Garden Insurers</u>.  Nationwide and Doe Insurance Companies 1–10 shall be collectively referred to as the "Glenburn Garden Insurers."

2.5   <u>Glenburn Garden Policies</u>. The policies issued to the Association by the Glenburn Garden Insurers shall be collectively referred to as the "Glenburn Garden Policies."

### III.   <u>JURISDICTION AND VENUE</u>

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Glenburn Garden Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.   <u>FACTS</u>

4.1   <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2   <u>Tender to Nationwide</u>.  In September, 2020, the Association tendered its claim to Nationwide for recently discovered hidden damage at the Glenburn Garden condominium complex.

4.3   <u>Joint Intrusive Investigation.</u>  The Association hired an investigative firm, Evolution Architecture ("Evolution"), to investigate the extent of damage at the Glenburn Garden condominium complex. Evolution in conjunction with the Association's historical insurers, including Nationwide, performed a Joint Intrusive Investigation at the Glenburn Garden

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

condominium complex. The Association understands from Evolution that the investigation

revealed extensive hidden damage to sheathing, framing, and weather-resistive barrier throughout

the property attributable to long term, incremental and progressive water damage. The

Association's further understanding from its experts that the cost to repair these hidden damages is

in excess of $700,000.00 which exceeds the jurisdictional limit of $75,000.

4.4     Nationwide's Denial of the Association's Claim.  On August 18, 2021, Nationwide

unreasonably denied coverage for the Association's insurance claim.

4.5     IFCA Letter to Nationwide. In compliance with the IFCA, the Association provided written

notice to Nationwide and the Washington State Office of the Insurance Commissioner that

explained why Nationwide's coverage denial was unreasonable. Nationwide has refused to cure its

unreasonable denial of coverage.

**V.     FIRST CLAIM AGAINST THE GLENBURN GARDEN INSURERS: DECLARATORY RELIEF THAT THE GLENBURN GARDEN  POLICIES PROVIDE COVERAGE**

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the

allegations of paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of

determinations regarding the following disputed issues:

(A)     The Glenburn Garden Policies cover the hidden damage to exterior building

components including but not limited to exterior sheathing and framing at the Glenburn Garden

condominium complex.

(B)     No exclusions, conditions, or limitations bar coverage under the Glenburn Garden

Policies.

(C)     The loss or damage to Glenburn Garden condominium complex was incremental

and progressive.  New damage commenced during each year of the Glenburn Garden Policies.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, INSURANCE FAIR CONDUCT
ACT VIOLATIONS, AND DAMAGES - 4

(D)     As a result, the Glenburn Garden Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Glenburn Garden condominium complex.

## VI.     SECOND CLAIM: AGAINST NATIONWIDE FOR BREACH OF CONTRACT

6.1     Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Nationwide has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Glenburn Garden condominium complex.

6.3     Nationwide breached its contractual duties by wrongfully denying coverage on August 18, 2021, and by failing to pay the cost of repairing the covered damage to the Glenburn Garden condominium complex.

6.4     As a direct and proximate result of Nationwide's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of Nationwide's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM: AGAINST NATIONWIDE FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

1  and its own interest and must not engage in any action that demonstrates a greater concern for its

2  own financial interest than its insured's financial risk. An insurer who does not deal fairly with its

3  insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

4  7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before

5  refusing to pay a claim submitted by its insured. An insurer must also have a reasonable

6  justification before refusing to pay a claim. An insurer who refuses to pay a claim, without

7  conducting a reasonable investigation or without having a reasonable justification, fails to act in

8  good faith.

9  7.4     Nationwide had a duty to investigate, evaluate, and decide the Association's claim in good

10  faith. Nationwide breached its duty by unreasonably investigating, evaluating, and/or denying the

11  claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or

12  wind-driven rain were one of the causes of the hidden damage at the Glenburn Gardens complex;

13  (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered

14  causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its

15  policy(s) when damage results from a concurrent combination of rain and bad construction or wear

16  and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its

17  policy(s); and (5) failing to define terms in the Nationwide policy pursuant to the plain meaning of

18  the terms.

19  7.5     A violation, if any, of one or more of the Washington claim handling standards set forth

20  below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive

21  act or practice in the business of insurance, and a breach of the insurance contract. Nationwide's

22  conduct violated Washington claim handling standards:

23  • Which require it to fully disclose all pertinent coverages.

24  • Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or

25     coverage.

26

27  COMPLAINT FOR DECLARATORY RELIEF,
    BREACH OF CONTRACT, BAD FAITH,
    CONSUMER PROTECTION ACT
    VIOLATIONS, INSURANCE FAIR CONDUCT
    ACT VIOLATIONS, AND DAMAGES - 6

- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Nationwide to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Nationwide to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Nationwide's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Nationwide's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII.   FOURTH CLAIM: AGAINST NATIONWIDE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Nationwide was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Nationwide's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

## IX.   FIFTH CLAIM: AGAINST NATIONWIDE FOR VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT

9.1     <u>Incorporation by Reference.</u>  The Association re-alleges and incorporates by reference Paragraphs 1.1 through 8.2, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, INSURANCE FAIR CONDUCT
ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

9.2    The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. Nationwide's denial of the Association's claim was unreasonable. The Association provided written pursuant to RCW 48.30.015(8) to Nationwide and the Insurance Commissioner's Office of its IFCA cause of action and explained in detail why Nationwide's coverage denial was unreasonable. Nationwide failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice.

9.3    The Association has been injured by Nationwide's failure to change its unreasonable denial of coverage. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage."

## X.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

10.1    Declaratory Judgment Regarding Coverage.   A declaratory judgment that the Glenburn Garden Policies provide coverage as described herein.

10.2    Money Damages.   For money damages against each of the Glenburn Garden Insurers for the cost of investigating and repairing hidden damage at the Glenburn Garden condominium complex in an amount to be proven at trial, as well as money damages against Nationwide for breach of the duty of good faith in an amount to be proven at trial.

10.3    Attorneys' Fees and Costs of Suit.   For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4    CPA Penalties.   For CPA penalties against Nationwide of up to $25,000 per violation.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

10.5 <u>Enhanced IFCA Damages.</u>  For a discretionary award of enhanced IFCA damages against Nationwide including but not limited to "increase the total award of damages to an amount not to exceed three times the actual damage."

10.6 <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## XI. <u>DEMAND FOR JURY TRIAL</u>

11.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 19th day of September, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660